Approved: _____
MICHAEL D. LONGYEAR
Assistant United States Attorney

18 MAG 4557

Before:  THE HONORABLE KATHARINE H. PARKER
         United States Magistrate Judge
         Southern District of New York

------------------------------------- X

UNITED STATES OF AMERICA          :   **SEALED COMPLAINT**
                                  :
                                  :   Violations of 18 U.S.C.
           - v. -                 :   §§ 371, 641, and 2
                                  :
                                  :   COUNTY OF OFFENSE:
ETTA YEBOAH and                   :   NEW YORK
JOSEPH YEBOAH,                    :
                                  :
                  Defendants.     :
                                  :
------------------------------------- X

SOUTHERN DISTRICT OF NEW YORK, ss.:

       NANCY ROA, being duly sworn, deposes and says that she is a Chief Investigator with the New York City Department of Investigation ("DOI"), and charges as follows:

### COUNT ONE
(Conspiracy to Steal Government Funds)

       1.   From at least in or about January 2009, up to and including at least in or about April 2017, in the Southern District of New York and elsewhere, ETTA YEBOAH and JOSEPH YEBOAH, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, theft of government funds, in violation of Title 18, United States Code, Section 641.

       2.   It was a part and object of the conspiracy that ETTA YEBOAH and JOSEPH YEBOAH, the defendants, and others known and unknown, would and did embezzle, steal, purloin, and knowingly convert to their own use and the use of another, and, without authority, did sell, convey, and dispose of records, vouchers, money, and things of value of the United States and of a department and agency thereof, to wit, the United States

Department of Housing and Urban Development, the value of which exceeded $1,000, and did receive, conceal and retrain the same with intent to convert it to their use and gain, knowing it to have been embezzled, stolen, purloined and converted, in violation of Title 18, United States Code, Section 641.

### Overt Act

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

    a. In or about 2016, ETTA YEBOAH, the defendant, falsely listed herself, her adopted daughter, her biological daughter, and JOSEPH YEBOAH, the defendant, as the household occupants an the Affidavit of Income. In connection with the 2016 Affidavit of Income, JOSEPH YEBOAH submitted a letter falsely stating that he provided $50 per week to cover expenses for his and ETTA YEBOAH's adopted daughter.

(Title 18, United States Code, Section 371.)

### COUNT TWO
### (Theft of Government Funds)

4. From at least in or about January 2009, up to and including at least in or about April 2017, in the Southern District of New York and elsewhere, ETTA YEBOAH and JOSEPH YEBOAH, the defendants, did embezzle, steal, purloin, and knowingly convert to their use and the use of another, and without authority, did sell, convey and dispose of records, vouchers, money, and things of value of the United States and a department and agency thereof, to wit, the United States Department of Housing and Urban Development, which exceeded the sum of $1,000, and did receive, conceal, and retain the same with intent to convert it to their use and gain, knowing it to have been embezzled, stolen, purloined and converted, to wit, ETTA YEBOAH and JOSEPH YEBOAH fraudulently obtained housing subsidies in connection with the lease of an apartment administered by the New York City Housing Authority.

(Title 18, United States Code, Sections 641 and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

5.   I am a Chief Investigator with the DOI. I have been personally involved in the investigation of this matter, and I base this affidavit on that personal experience, as well as on my conversations with other law enforcement agents and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the offenses cited above, it does not include all the facts that I have learned during the course of the investigation. Where the contents of conversations of others are reported herein, they are reported in substance and in part.

### The New York City Housing Authority Conventional Public Housing Program

6.   Based on my training and experience, I know the following about the Conventional Public Housing Program ("CPHP") administered by the New York City Housing Authority ("NYCHA"):

   a.   The United States Department of Housing and Urban Development ("HUD") subsidizes the operations of CPHP buildings by making annual payments to NYCHA.

   b.   Low-income individuals who meet certain eligibility requirements may be approved for placement in a CPHP apartment.

   c.   Under the rules of the CPHP, only persons who have been approved to reside in a CPHP apartment may do so. The addition of new occupants to a CPHP apartment must be requested from and approved by NYCHA.

   d.   Each CPHP tenant pays a "flat rent" which is based on the household size and household income.

   e.   A CPHP tenant is required annually to submit an "Affidavit of Income," in which the tenant certifies, among other things, income, assets, business ownership, real estate ownership, and household composition ("AOI").

### ETTA YEBOAH and JOSEPH YEBOAH Misreported the Occupants of the CPHP Apartment

7.   I have reviewed documents maintained by NYCHA regarding ETTA YEBOAH, the defendant. Based on this review, I have learned, among other things, the following information:

    a. On or about September 16, 1996, ETTA YEBOAH became the tenant of a 3-bedroom NYCHA apartment in New York, New York the (the "CPHP Apartment").

    b. On or about May 20, 2002, ETTA YEBOAH's request to add her husband, JOSEPH YEBOAH, the defendant, to the family composition of ETTA YEBOAH's household was approved.

    c. On or about February 19, 2004, ETTA YEBOAH added her adopted daughter to the family composition of ETTA YEBOAH's household. In or about October 2005, ETTA YEBOAH claimed to NYCHA that JOSEPH YEBOAH was no longer residing in the CPHP apartment.

    d. From on or about September 16, 1996, through on or about April 30, 2017, ETTA YEBOAH participated in the CPHP and benefitted from federal subsidies in connection with her rental of the CPHP Apartment.

    e. As a participant in the CPHP Program, ETTA YEBOAH was required each year to file an AOI in which she had to provide updated information regarding, among other things, the composition of her household and the income and assets of all occupants of the CPHP Apartment. This information was necessary to ensure ETTA YEBOAH's ongoing eligibility for CPHP benefits.

    f. Between in or about December 2008 and in or about April 2016, ETTA YEBOAH signed and submitted eight AOIs (the "False AOIs"). Based on my review of the False AOIs, I have learned, among other things, the following:

      i. Each of the False AOIs included a "Tenant Certification" that contained the following statements: "I/We certify that the information listed on all pages of this form is accurate and complete to the best of my/our knowledge and belief. I/We authorize the New York City Housing Authority to independently verify the accuracy of all information submitted. I/We understand that providing false statements or information is punishable under Federal and local laws. I/We also understand that providing false statements or information is grounds for termination of tenancy. Further, I/we have read or have had read to me/us the above statement."

      ii. On False AOIs from 2008 through 2013, ETTA YEBOAH listed herself and her adopted daughter as the only household occupants.

4

iii.  On the False AOI for 2014, ETTA YEBOAH listed herself, her adopted daughter, and JOSEPH YEBOAH as the household occupants.

iv.  On the False AOIs for 2015 and 2016, ETTA YEBOAH listed herself, her adopted daughter, her biological daughter, and JOSEPH YEBOAH as the household occupants.

v.  In connection with the False AOI from 2016, JOSEPH YEBOAH submitted a letter stating that he provided $50 per week to cover expenses for his and ETTA YEBOAH's adopted daughter.

### ETTA YEBOAH and JOSEPH YEBOAH Did not Occupy the CPHP Apartment as Reported in the False AOIs

8.  Based on my review of records obtained from the State of New York Department of Motor Vehicles (the "NY DMV"), I have learned, among other things, the following:

a.  On or about August 26, 2008, ETTA YEBOAH surrendered New York State license plates to the NY DMV.

b.  On or about September 10, 2008, ETTA YEBOAH surrendered her New York State driver's license to the Pennsylvania Department of Motor Vehicles (the "PA DMV").

9.  Based on my review of records obtained from the PA DMV, I have learned, among other things, the following:

a.  On or about August 10, 2008, ETTA YEBOAH was issued a Pennsylvania driver's license, which was renewed on May 4, 2016.  The driver's license listed a Pennsylvania address in East Stroudsburg, Pennsylvania (the "Pennsylvania Address").

10.  Based on my review of records obtained from the New York City Board of Education, I have learned, among other things, the following:

a.  ETTA YEBOAH's adopted daughter was discharged from the New York City public school system in 2008.

11.  Based on my review of records obtained from the East Stroudsburg, Pennsylvania school district, I have learned, among other things, the following:

a.  ETTA YEBOAH's adopted daughter was added to the East Stroudsburg school system on August 22, 2008.  Both

5

ETTA YEBOAH and JOSEPH YEBOAH are listed as emergency contacts at the Pennsylvania Address.

12. Based on my review of records obtained from a bank with headquarters in Pittsburgh, Pennsylvania, I have learned, among other things the following:

    a. On or about May 31, 2007, JOSEPH YEBOAH purchased a house located at the Pennsylvania Address. JOSEPH YEBOAH is listed as the sole owner.

13. Based on my review of law enforcement reports any my interview of witnesses, I have learned the following in substance and in part:

    a. Beginning in or about November 2014, an individual ("Individual-1") began to sublet the CPHP Apartment from JOSEPH YEBOAH.

    b. Individual-1 reported that he lived in the CPHP Apartment from in or about November 2014 through in or about July 2016 with Individual-1's wife and twin sons.

    c. Individual-1 reported paying ETTA YEBOAH and JOSEPH YEBOAH approximately $1,000 per month in rent for the CPHP Apartment.

14. On or about January 5, 2017, I conducted an interview of ETTA YEBOAH, the defendant, during which she provided, under oath, the following information, in substance and in part:

    a. ETTA YEBOAH admitted that she had been out of the CPHP Apartment for more than one year.

15. On or about January 18, 2017, I conducted an interview of JOSEPH YEBOAH, the defendant, during which he provided, under oath, the following information, in substance and in part:

    a. JOSEPH YEBOAH admitted that he let Individual-1 reside in the CPHP Apartment.

    b. JOSEPH YEBOAH confirmed that ETTA YEBOAH had been out of the CPHP Apartment for more than one year.

16. In or about May 2017, I conducted a neighbor canvass of two apartments located on the same floor as the CPHP Apartment. One neighbor reported living in the apartment

complex for approximately three years and stated that she had never seen ETTA YEBOAH.

### ETTA YEBOAH Received Housing Subsidies to Which She Was Not Entitled Based on the False AOIs

17. I have reviewed NYCHA records reflecting the amount of rent paid by ETTA YEBOAH, the defendant, for the CPHP Apartment. Based on that review, I have learned that, from on or about January 1, 2009, through on or about April 30, 2017, ETTA YEBOAH, the defendant, underpaid approximately $66,713.67 in rent.

WHEREFORE, the deponent respectfully requests that warrants issue for the arrests of ETTA YEBOAH and JOSEPH YEBOAH, the defendants, and that they be arrested, and imprisoned or bailed, as the case may be.

NANCY ROA
Chief Investigator
N.Y.C. Department of Investigation

Sworn to before me this
25th day of May, 2018

THE HONORABLE KATHARINE H. PARKER
United States Magistrate Judge
Southern District of New York